390  PEOPLE ex rel. RUSSELL v. BD. OF CANVASSERS.

THIRD DEPARTMENT, NOVEMBER TERM, 1887.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY RUSSELL, Respondent, v. THE COUNTY BOARD OF CANVASSERS OF ALBANY COUNTY AND EVERY MEMBER THEREOF, Appellants.

*Inspectors of elections have no power to alter their first determination and statement, after the same has been filed, — 1880, chap. 460 — the board of canvassers may be compelled to disregard an illegal, and act upon the legal, statement.*

At the close of an election held in the eleventh district of the town of Watervliet, the inspectors of election made and signed, in duplicate, two statements of the result of the election in that district, respecting the votes cast for the office of senator, and delivered one of these statements to the town clerk and one to the county clerk to be filed, instead of delivering one of these statements to the supervisor of the town, and having a copy filed in the town clerk's office, as required by law.  Six days thereafter, two of the inspectors made and signed what purported to be a copy of the original statements, but differing from them, in that it was stated therein that Henry Russell received forty-five votes less, and Norton Chase forty-five votes more, for the office of senator, than was certified and determined by the inspectors and set forth in the two original statements.

Upon the hearing of an application, made under the provisions of chapter 460 of 1880, for a writ of *mandamus* to compel the Board of Canvassers of Albany county to canvass the statement of votes filed with the county clerk, and disregard the one filed with the supervisor, it appeared that the Board of Canvassers had laid the statement delivered to the supervisor before a committee of their body charged with making a preliminary statement of the votes cast at the election, and that the facts contained in the second statement were entered in a tabulated statement prepared by that committee for the final adoption of the board as their determination of the result of the canvass.

*Held,* that the inspectors were not possessed of power or jurisdiction to make this change in the statement, and that the second statement was wholly invalid as an efficient and legal change of their first determination and statement.

That a proper case was presented for the aid of the court in judicially investigating the true nature of this second statement.

That a *mandamus* should issue directing that the Board of Canvassers should not canvass the returns as stated in this irregular paper, and that it should substitute the return filed in the county clerk's office for the said irregular return, and use the same in its further proceedings as the genuine return.

Appeal from an order, made at a Special Term, awarding a writ of peremptory *mandamus* directing the County Board of County Canvassers of Albany county, to disregard and hold for naught, because adjudged to be null and void in its inception, a paper, return

PEOPLE ex rel. RUSSELL v. BD. OF CANVASSERS. 391

THIRD DEPARTMENT, NOVEMBER TERM, 1887.

or certificate, purporting to be a return from the eleventh election district of the town of Watervliet, and that the said County Board of Canvassers be and were thereby inhibited from, in any way, recognizing or using in any way said paper, return or certificate in making any canvass for the office of state senator.

At an election held November eighth, the inspectors of election of the eleventh election district of Watervliet, Albany county, made out two statements of the result of the election in that district, one of which was filed with the town clerk and the other filed with the county clerk the second day after the election. Subsequently a return, dated November fourteenth, signed by two of the inspectors, was filed with the supervisor of the town, and was the only return ever filed with him for or from that election district. This last return differed from that filed with the county clerk in respect to the vote stated to have been cast for senator. At the meeting of the Board of County Canvassers, the supervisor produced the return dated November fourteenth, which was the only return produced before the Board of Canvassers from that district.

After the committee appointed by the board to canvass the return and report to the full board had completed its work, making two reports, a majority and a minority report, and before either report had been adopted, and before any determination had been made by the full board, all their proceedings were stayed pending the hearing of a motion for a peremptory *mandamus* commanding them to canvass the statement of votes filed with the county clerk, and to disregard the one filed with the supervisor. The court refused to issue the order asked for, but did order a *mandamus* to issue commanding the Board of Canvassers to disregard the statement filed with the supervisor, dated November fourteenth, as null and void, but without any direction as to what, if any, return from that district should be canvassed.

*J. W. Eaton*, for the appellants.

*Harris & Rudd*, for the relator, respondent.

LANDON, P. J.:

The inspectors of election for the eleventh district of Watervliet did, at the close of the election, make and sign in duplicate two statements of the result of the election in that district, respecting the

392 PEOPLE ex rel. RUSSELL v. BD. OF CANVASSERS.

THIRD DEPARTMENT, NOVEMBER TERM, 1887.

votes cast for the office of senator. One of these statements they delivered to the town clerk, and one to the county clerk to be filed. They ought to have delivered one of these statements to the supervisor of the town instead of the town clerk, and to have filed a copy in the town clerk's office, but they failed to do so. Six days thereafter two of the inspectors made and signed what purported to be a copy of these original statements ; but differing from them in that it was stated therein that Henry Russell received forty-five votes less and Norton Chase forty-five more for the office of senator than was certified and determined by the inspectors, and set forth in the two original statements. This change of determination and statement was not within their power or jurisdiction to make, and was wholly invalid as an efficient and legal change of their first determination and statement. The law contemplates that the duties of the inspectors shall, in these respects, be as promptly performed as possible ; for this purpose, among others, that the result may be determined and declared without any bias arising from a knowledge of its effect upon the aggregate result, or from exposure to subsequent influences. Like the verdict of a jury when once regularly delivered, the jurors themselves cannot overthrow or defeat it.

This paper these two inspectors caused to be delivered to the supervisor of the town. The supervisor receiving this paper, in the absence of any evidence exciting his suspicion in regard to its regularity and genuineness, would naturally regard it as the original statement which the law requires to be delivered to him. He presented it to the Board of County Canvassers, and that body proceeded to take action upon it. Some question is made as to the proof respecting the determination of that board to receive it as an original and genuine return. The affidavits submitted show that that body had laid it before a committee of its body charged with making a preliminary statement of the votes cast at the election, and that its statements were entered in a tabulated statement prepared by that committee for the final adoption of the board as its determination of the result of the canvass. No evidence is submitted leading us to doubt that the Board of Canvassers was in the act of embodying its statements in the canvass about to be declared by it. Indeed, as that body has only ministerial, and not judicial, duties to perform, it could not enter upon a judicial

investigation to ascertain the genuineness of a return which the law required one of that body to return to it. This paper was favored by the presumption of official honesty and regularity. A case was, therefore, presented in which it was proper to invoke the aid of the court, to the end that the true nature of this irregular paper might be judicially investigated and declared. An application was thereupon made to the Special Term, under chapter 460, Laws of 1880, for a *mandamus* to compel the Board of Supervisors not to canvass the irregular returns. The affidavits there submitted showed the facts above stated, and no attempt was made to show that the irregular paper delivered to the supervisors was made otherwise than as above stated.

The Special Term, as we think, properly granted a *mandamus*, directing the Board of County Canvassers not to canvass the returns as stated in this irregular paper. Such an order, we think, was regularly granted upon a state of facts which fully justified and required it. The time had come when it was proper for the court to use its judicial functions to correct and direct the board as to the proper return or paper upon which the latter should exercise its ministerial functions. Counsel for the respective parties argue that the order of the Special Term is defective in not directing what return the Board of County Canvassers should canvass. Under these circumstances there can be no doubt that the return filed in the county clerk's office should be canvassed by the board. That is the original verdict of the inspectors, and was made and filed as the law directs.

Chapter 460 of the Laws of 1880, provides that, in a proceeding like this, the court may compel the board to correct the errors which it has committed. It has committed an error in using the irregular return for any purpose.

The order of the Special Term should be affirmed, with the further direction that the Board of County Canvassers shall substitute the return filed in the county clerk's office for the irregular return aforesaid, and use the same in its further proceedings as the genuine return

FISH and PARKER, JJ., concurred.

Order affirmed with costs and the board of canvassers directed to use the return filed with the county clerk.